UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGOY ELL SHEHEE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>A. KING,<br><br>　　　　Defendant | Case No. 1:14 cv 00590 AWI GSA<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE<br>IN THIRTY DAYS |

**I.      Screening Requirement**

　　Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

## II.     Plaintiff's Claims

Plaintiff is a civil detainee at Coalinga State Hospital.  Plaintiff brings this action against Defendant Audrey King, the Executive Director of Coalinga State Hospital.  In his complaint, Plaintiff fails to articulate any specific claim that indicates that he has been deprived of a protected right.  Plaintiff's complaint appears to be in the form of a request for certain records to be submitted to the Fresno County Superior Court.  Plaintiff appears to refer to records in the custody of law enforcement officials at Coalinga State Hospital.  Plaintiff also makes reference to a criminal case in "Coalinga Superior Court" in which he has been charged with some type of criminal offense.  Plaintiff also complains that he is having difficulty in obtaining certain items from a Fresno County Deputy District Attorney.  It appears that Plaintiff is attempting to seek the Court's assistance in gathering evidence to assist in his criminal defense.

To state a claim under section 1983, Plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).   There is no legal authority for the proposition that Plaintiff may file a civil lawsuit in federal court to compel criminal discovery in a state court criminal action.

Any concerns or issues that Plaintiff may have regarding his state court criminal process should be raised in that case.  Plaintiff is also advised that when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an

2

earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991). Although Plaintiff does not directly make any challenges to his criminal process, he does indicate in his complaint that he is not guilty of the charged offense.  Plaintiff's remedy is in his state court criminal proceedings, or in a habeas proceeding.

In order to hold Defendant King liable, Plaintiff must allege some facts indicating that she has deprived Plaintiff of a protected interest.  Plaintiff has failed to do so here.  Defendant King should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.  In order to hold Defendant liable, Plaintiff must explain how Defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what Defendant did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

3

pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 16, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE