UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>          Plaintiff,<br><br>   vs.<br><br>A. KING,<br><br>          Defendant. | 1:14-cv-00590-AWI-GSA-PC<br>Appeal Number 15-15724<br><br>ORDER DENYING MOTION FOR<br>RECONSIDERATION<br>(Doc. 28.)<br><br>ORDER FINDING PLAINTIFF'S APPEAL TO<br>BE FRIVOLOUS AND DENYING<br>PLAINTIFF'S MOTION TO PROCEED IN<br>FORMA PAUPERIS ON APPEAL<br>(Docs. 26, 31.)<br><br>ORDER DIRECTING CLERK TO SERVE A<br>COPY OF THIS ORDER ON THE NINTH<br>CIRCUIT COURT OF APPEALS |

## I.      RELEVANT PROCEDURAL HISTORY

Gregory Ell Shehee ("Plaintiff") is a Fresno County Jail inmate, proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 23, 2014.  (Doc. 1.)

On February 19, 2015, the Magistrate Judge issued Findings and Recommendation (F&R), recommending that this case be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983.  (Doc. 20.)

On April 3, 2015, the undersigned District Judge adopted the F&R, thereby dismissing and closing the case.  (Doc. 24.)

On April 10, 2015, Plaintiff filed a motion for reconsideration of the Magistrate Judge's F&R.  (Doc. 28.)  Also on April 10, 2015, Plaintiff filed an appeal of the district court's dismissal of the case to the Ninth Circuit Court of Appeals, and a motion for leave to proceed in forma pauperis on appeal.  (Docs. 26, 27.)

On April 15, 2015, the Ninth Circuit referred the case to the district court for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith.  (Doc. 31.)

Plaintiff's motion for reconsideration of the F&R, and motion for leave to proceed in forma pauperis on appeal, are now before the court.

## II.    MOTION FOR RECONSIDERATION

In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff asserts that he filed objections to the F&R on February 26, 2015. Plaintiff now seeks reconsideration of the F&R, arguing that "the court is abusing it[s] power knowing the state employee's (sic) A. King et al, denying my legal document's (sic) and the court has give (sic) notice in Fresno County Jail."  (Doc. 28 at 1:23-26.)  The Court construes Plaintiff's motion as a motion for reconsideration of the April 3, 2015 order that adopted the F&R.

Plaintiff's claim that he filed objections to the findings and recommendations on

February 26, 2015 is not supported by the record.  The only document filed by Plaintiff during the objections time period is a document filed on March 5, 2015 titled, "There Are 9 More Case's Also Has Been Denied To My Right's To The Court's," in which Plaintiff addresses his conditions of confinement in the Fresno County Jail.  (Doc. 22.)[1]  In any event, Plaintiff does not describe, reiterate or provide an additional copy the objections.  Plaintiff does not explain how the F&R was substantively erroneous or why this case should not have been dismissed. That is, Plaintiff has not set forth facts or law of in his motion that warrants to reversal of the Court's prior decision.  Kern-Tulare Water Dist., 634 F.Supp. at 665.  Therefore, Plaintiff's motion for reconsideration will be denied.

III.     MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

     "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  The test for allowing an appeal in forma pauperis is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous.  Gardner v. Pogue, 558 F.2d 548, 550-51 (9th Cir. 1977) (citing Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917 (1962)) (quotation marks omitted); see also Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed in forma pauperis as a whole).  An action is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In other words, the term "frivolous", as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

     Plaintiff's appeal lacks any arguable basis in law or fact.  The Magistrate Judge dismissed Plaintiff's complaint for failure to state claim.  Although leave to amend was granted, Plaintiff did not file an amended complaint.  As a result, F&R's were issued in which it was recommended that leave to amend should be withdrawn and Plaintiff's complaint should

---

[1] The document was stricken from the court record by the court on March 17, 2015, because Plaintiff submitted one document for multiple cases, in violation of the court's Informational Order.  (Doc. 23.)

be dismissed with prejudice due to a failure to state a claim.   That F&R was adopted and Plaintiff's case was closed.   Plaintiff argues in his appeal that he could not timely file documents because of his incarceration in Fresno County Jail.   However, according to court records, Plaintiff was not incarcerated at the jail until mid-February 2015, long after the deadline to amend the complaint had expired.

Moreover, upon re-review of the complaint, the court finds it devoid of any allegations demonstrating he was deprived of a protected right.   The complaint is titled "Complaint for Liabilities Withholding Evidence."   (Doc. 1 at 1.)   In his complaint, Plaintiff requested that certain records be submitted to the Fresno County Superior Court, refers to his criminal case in "Coalinga Superior Court," and complains that he is having difficulty obtaining certain items from a Fresno County Deputy District Attorney.   The Complaint did not adequately allege that a defendant acted under color of state law and deprived him of rights secured by the Constitution or federal law.   See 42 U.S.C. § 1983.   Plaintiff was granted an opportunity to amend the complaint, but he failed to do so.

In sum, Plaintiff has not identified any issue that has a basis in law or fact.   Cf. Neitzke, 490 U.S. at 325.   Therefore, Plaintiff's appeal is frivolous, and his motion to proceed in forma pauperis on appeal will be denied.


**<u>ORDER</u>**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for reconsideration, filed on April 10, 2015, is DENIED;

2.   Plaintiff's motion to proceed in forma pauperis on appeal, filed on April 10, 2015, is DENIED; and

3.   The Clerk shall serve a copy of this order on the Ninth Circuit Court of Appeals.


IT IS SO ORDERED.

Dated:   __April 21, 2015__                    _____

SENIOR  DISTRICT  JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28